IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTHONY W. JONES, III,<br>    Plaintiff *Pro Se*, | :<br>:<br>: |
| v. | :    CIVIL ACTION NO. 21-CV-1846 |
| NICHOLAS GRILL, *et al.*,<br>    Defendants. | :<br>:<br>: |

## MEMORANDUM

**PRATTER, J.**                                                                              MAY 21, 2021

Anthony W. Jones, III, is currently incarcerated at the Federal Detention Center in Philadelphia. He brings this civil action on his own behalf based on allegations that he was illegally prosecuted, convicted, and imprisoned on conspiracy and sex-trafficking charges. (*See* ECF No. 2.) Mr. Jones seeks leave to proceed *in forma pauperis*. For the following reasons, the Court will grant Mr. Jones leave to proceed *in forma pauperis* and dismiss his Complaint in its entirety pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

## I.    FACTUAL ALLEGATIONS[1]

On November 1, 2018, a Superseding Indictment was filed alleging that from approximately 2012 through September 21, 2017, Mr. Jones and his two co-defendants, Kristian Jones and Dkyle Jamal Bridges, conspired to commit, and engaged in, sex trafficking of adults and minors in the Eastern District of Pennsylvania and elsewhere. *See United States v. Jones*, Crim. A. No. 18-193-3 (E.D. Pa.), at ECF No. 74. Specifically, Mr. Jones was charged with one count of conspiracy to engage in sex trafficking of a minor and by force, fraud, and coercion (Count 1), one count of sex trafficking by force, fraud, and coercion (Count 3), and three counts

---

[1] The facts set forth in this Memorandum are taken from Mr. Jones's Complaint and the public docket for his underlying criminal proceeding.

of sex trafficking of minors by force, fraud, and coercion (Counts 4 to 6).[2] *See id.* He was arrested pursuant to a bench warrant on November 5, 2018 and arraigned three days later.

After a fourteen-day jury trial, Mr. Jones was found guilty of Counts 1, 4, 5, and 6, but not convicted as to Count 3. Sentencing is scheduled for July 29, 2021. Mr. Jones is proceeding *pro se* in his criminal case and has filed numerous post-trial motions seeking to attack his conviction and incarceration, including a post-trial motion to suppress evidence introduced at trial.[3]

The Complaint in this action names the following defendants: (1) Nicholas Grill, FBI Special Agent; (2) Christopher Jackson, FBI Special Agent; (3) James Y. Simpkins, Tinicum Township Police Officer; (4) Jessica Lynn Schafer; (5) Nadirah Green; (6) Brian P. Piskai, U.S. Probation Officer; (7) 916 Holdings LLC, d/b/a Sheraton Properties, Jeffrey Sheraton, owner and agent; and (8) Arthur Weston, Philadelphia Police Officer.[4] Mr. Jones alleges a conspiracy among the defendants to manufacture criminal charges against him. Mr. Jones's claims are all related to the criminal investigation and proceedings that led to his federal convictions.

The Complaint sets forth lengthy, detailed allegations regarding the investigation and prosecution of the charges. For purposes of this Memorandum the Court has carefully reviewed all of Mr. Jones's recitations and his accusations against the defendants.

---

[2] Counts 3 through 6 pertain to individual victims, with Count 3 relating to an adult victim and Counts 4 through 6 relating to children. *See United States v. Jones*, Crim. A. No. 18-186-3 (E.D. Pa.) at ECF No. 74.

[3] The Court notes that many of the documents in Mr. Jones's criminal proceedings have been filed under seal.

[4] Defendant Schafer is the individual that was the subject of Count 3 of the charges brought against Mr. Jones. (*See* ECF No. 2-1 at 2, ¶ 48.) It appears that Defendant Green was the subject of Count 5 of the charges brought against Mr. Jones.

2

Mr. Jones indicates that he is bringing his claims pursuant to 42 U.S.C § 1983. He alleges violations of his rights secured by the Fourth, Fifth and Fourteenth Amendments to the United States Constitution, as well as 42 U.S.C. § 1985 and various criminal statutes. (*See id.*)[5] The Complaint also purports to raise claims for violation of Mr. Jones's constitutional rights pursuant to *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), in particular, illegal seizure, and due process and equal protection violations. He brings suit against the defendants in their individual and official capacities. Mr. Jones claims business losses, as well as personal and emotional injuries, and seeks monetary damages and injunctive relief, including release on bail pending appeal of his criminal case.

## II. STANDARD OF REVIEW

The Court will grant Mr. Jones leave to proceed *in forma pauperis* because it appears he is not capable of prepaying the fees to commence this action.[6] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) apply, which require the Court to dismiss complaints if they are frivolous or fail to state a claim. A complaint is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995).

---

[5] Criminal statutes generally do not give rise to a basis for civil liability. *See Brown v. City of Philadelphia Office of Human Res.*, 735 F. App'x 55, 56 (3d Cir. 2018) (per curiam) ("Brown alleges that the defendants violated various criminal statutes, but most do not provide a private cause of action."); *Brown v. Progressive Specialty Ins. Co.*, Civ. A. No. 17-5409, 2017 WL 6210283, at *1 (E.D. Pa. Dec. 7, 2017) ("[F]ederal criminal statutes generally do not provide a basis for civil liability."), *aff'd*, No. 18-1005, 2019 WL 1422895 (3d Cir. Mar. 29, 2019).

[6] However, because Mr. Jones is a prisoner, he will be obligated to pay the filing fee in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

3

Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory statements and naked assertions will not suffice. *Id.* The Court may also consider matters of public record in determining whether a plaintiff states a claim. *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006). Because Mr. Jones is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

### A. Claims that are *Heck*-barred

As noted above, Mr. Jones invokes § 1983 and *Bivens*. The claims concerning Mr. Jones's arrest, detention, and criminal prosecution are best construed as claims for malicious prosecution, given that he was detained pursuant to a warrant. *See Johnson v. United States*, No. 20-3256, 2021 WL 1626522, at *2 (3d Cir. Apr. 27, 2021) (per curiam) ("[T]he Magistrate Judge correctly concluded that because Johnson was arrested pursuant to a warrant, his claims for false arrest and false imprisonment were, in essence, malicious prosecution claims."). Thus, based on the allegations in the Complaint, the Court construes it as presenting claims for malicious prosecution and fabrication of evidence, as well as claims that the Defendants conspired to secure his unlawful conviction. However, these claims may not proceed at this time.

"[T]o recover damages [or other relief] for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a

4

conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]" *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (footnote and citation omitted); *see Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (applying *Heck* doctrine to claims involving monetary damages as well as those seeking equitable and declaratory relief); *Lora-Pena v. F.B.I.*, 529 F.3d 503, 506 n.2 (3d Cir. 2008) ("Although *Heck* involved a § 1983 action by a state prisoner, the reasoning in *Heck* has been applied to bar *Bivens* claims."). "Thus, . . . the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck*, 512 U.S. at 487.

The favorable termination doctrine applies to malicious prosecution, as well as fabrication of evidence claims. *McDonough v. Smith*, 139 S. Ct. 2149, 2155-59 (2019) (finding that the principles and reasoning requiring favorable termination apply to a fabrication of evidence claim); *Ortiz v. New Jersey State Police*, 747 F. App'x 73, 77 (3d Cir. 2018) ("Ortiz's claims that the defendants fabricated and suppressed evidence are barred by *Heck* because success on those claims would necessarily imply the invalidity of her conviction."); *Floyd v. Attorney Gen. of Pennsylvania*, 722 F. App'x 112, 114 (3d Cir. 2018) (per curiam) ("Because Floyd's malicious prosecution and fabrication of evidence claims do not accrue until the criminal proceedings have terminated in Floyd's favor, and Floyd has not demonstrated as much, they are barred by *Heck*."). Additionally, *Heck* has been applied to preclude claims under § 1985. *Zhai*

5

*v. Cedar Grove Municipality*, 183 F. App'x 253, 255 (3d Cir. 2006) (per curiam) (civil rights claims under §§ 1985 and 1986 were barred by *Heck*).

Here, Mr. Jones's claims are based on his allegedly wrongful conviction and imprisonment. As to his malicious prosecution, fabrication of evidence, and conspiracy claims, Mr. Jones seeks to assert his innocence and challenge his conviction. A judgment in favor of Mr. Jones on these claims at this time would suggest the invalidity of his conviction. Nevertheless, his convictions remain intact and have not thus far been invalidated.[7] As a result, any civil

---

[7] Putting aside whether a malicious prosecution claim is an impermissible extension of a *Bivens* remedy, *see Xi v. Haugen*, 2021 WL 1224164, at *8-22 (E.D. Pa. Apr. 1, 2021), and despite the not guilty determination on Count 3, Mr. Jones has not demonstrated that the underlying criminal proceedings have terminated in his favor. The Third Circuit Court of Appeals has held "that a prior criminal case must have been disposed of in a way that indicates the innocence of the accused in order to satisfy the favorable termination element." *Kossler v. Crisanti*, 564 F.3d 181, 187 (3d Cir. 2009) (en banc). "A malicious prosecution claim cannot be predicated on an underlying criminal proceeding which terminated in a manner not indicative of the innocence of the accused." *Id.* An acquittal on one charge is not a favorable termination when the plaintiff was convicted of a different crime arising from the same underlying facts during the same criminal prosecution. *Id.* at 188. To determine whether the plaintiff has established the favorable determination element, the court must consider whether "the circumstances -- both the offenses as stated in the statute and the underlying facts of the case -- indicate that the judgment as a whole" reflects the plaintiff's innocence. *Id.* Here, Mr. Jones was found guilty of one count of conspiracy to engage in sex trafficking of a minor and by force, fraud, and coercion (Count 1), and three counts of sex trafficking of minors by force, fraud, and coercion (Counts 4 to 6), and not guilty of one count of sex trafficking by force, fraud, and coercion (Count 3). Because the charges punish "one course of conduct," there has not been a favorable termination for purposes of the malicious prosecution claims. *See id.* at 192; *see also Donahue v. Dauphin Cty. Solics. Off., Harrisburg, Pennsylvania*, 788 F. App'x 854, 856 (3d Cir. 2019) (per curiam) (finding plaintiff did not establish favorable termination when acquitted on one charge because the charges "aimed to punish" one course of conduct); *Noviho v. Lancaster Cty. of Pennsylvania*, 683 F. App'x 160, 163 (3d Cir. 2017) (mixed verdict did not demonstrate favorable termination because in "the context of the entire criminal proceeding" the "core unlawful conduct" was noncompliance with the Pennsylvania Vehicle Code and conviction on the underlying traffic offenses meant plaintiff cannot be considered innocent for purposes of favorable termination); *Yoast v. Pottstown Borough*, 437 F. Supp. 3d 403, 428 (E.D. Pa. 2020); *Donahue v. City of Hazleton, Pennsylvania*, Civ. A. No.14-01351, 2020 WL 4461240, at *8 (M.D. Pa. Apr. 13, 2020), *report and recommendation adopted sub nom. Donahue v. City of Hazleton*, Civ. A. No. 14-1351, 2020 WL 4445988 (M.D. Pa. Aug. 3, 2020).

rights claims based on the alleged unconstitutionality of his convictions and imprisonment are not cognizable in a civil rights action at this time. *See McDonough v. Smith*, 139 S. Ct. 2149, 2158 (2019) (a plaintiff may not bring a "fabricated-evidence challenge to criminal proceedings" until the proceeding ends in the defendant's favor or a resulting conviction is invalidated); *Nash v. Kenney*, 784 F. App'x 54, 57 (3d Cir. 2019) (per curiam) ("Nash's malicious-prosecution and speedy-trial claims -- which challenge his post-arraignment detainment -- are barred by the favorable-termination rule of [*Heck*]."); *Ebuzor-Onayemi v. Union Cty. Police Dep't*, 736 F. App'x 44, 46 (3d Cir. 2018) (per curiam) (affirming *sua sponte* dismissal of a § 1983 violation for conspiracy as barred by the favorable termination rule); *see also Leamer v. Fauver*, 288 F.3d 532, 542 (3d Cir. 2002) ("[W]henever the challenge ultimately attacks the 'core of habeas' -- the validity of the continued conviction or the fact or length of the sentence -- a challenge, however denominated and regardless of the relief sought, must be brought by way of a habeas corpus petition.").

Accordingly, such claims will be dismissed without prejudice to Mr. Jones filing a new case in the event his convictions are first invalidated, whether on appeal or otherwise.[8]

### B. Claims Based on False Statements to Grand Jury

Some of Mr. Jones's claims are predicated on allegations that his rights were violated when Defendants Schafer, Green, and Grill provided what he says was false testimony to the grand jury. The Court will dismiss those claims as legally meritless because individuals are entitled to absolute immunity from civil rights claims based on testimony proffered at grand jury

---

[8] To the extent Mr. Jones seeks release on bail, he must file for such relief in his criminal case. *See* 18 U.S.C. § 3143; *see also Reese v. Warden Philadelphia FDC*, 904 F.3d 244, 247 (3d Cir. 2018) ("[F]ederal defendants who seek pretrial release should do so through the means authorized by the Bail Reform Act[] . . . .").

7

proceedings, pretrial hearings, and at trial. *See Rehberg v. Paulk*, 566 U.S. 356, 369 (2012); *Williams v. Hepting*, 844 F.2d 138, 141 (3d Cir. 1988); *Briscoe v. LaHue*, 460 U.S. 325, 329-30 (1983). *See also Singleton v. Pittsburgh Bd. of Educ.*, Civ. A. No. 11-1431, 2012 WL 4063174, at *8 (W.D. Pa. Aug. 24, 2012) ("Moreover, if a witness is immune from Section 1983 liability for testifying falsely at a judicial proceeding, the witness will also be immune for conspiring with others to testify falsely.") (internal citation omitted), *report and recommendation adopted*, Civ. A. No. 11-1431, 2012 WL 4069476 (W.D. Pa. Sept. 15, 2012).[9]

### C. Claims against Defendants who are not State or Federal Actors

To the extent that Mr. Jones seeks to present § 1983 or *Bivens* claims against Defendants Schafer, Green, and Sheraton, such claims also fail because these individuals are not state or federal actors. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988); *see also Davis v. Samuels*, 962 F.3d 105, 111-12 (3d Cir. 2020) ("In the limited settings where *Bivens* does apply, the implied cause of action is the federal analog to suits

---

[9] To the extent Mr. Jones attempts to present claims based on allegedly false statements pursuant to the various criminal statutes cited in his Complaint, such claims fail as well. The criminal statutory provisions cited by him relate to conspiracy, falsification of statements, and falsification of records. (*See* ECF No. 2 at 3 (citing 18 U.S.C. §§ 241, 242, 371, 1001, 1519, 1623).) However, none of these statutory provisions provide a private right of action for such claims. *See Ponton v. AFSCME*, 395 F. App'x 867, 871 (3d Cir. 2010) (per curiam) (18 U.S.C. § 1623 does not provide a private right of action); *James v. New Jersey Dep't of Health & Senior Servs.*, Civ. A. No. 18-10461, 2020 WL 5758154, at *6 (D.N.J. Sept. 28, 2020) (no private right of action exists under 18 U.S.C. § 1001); *Antonelli v. Kennedy Hosp.*, Civ. A. No. 17-13780, 2018 WL 443455, at *2 (D.N.J. Jan. 16, 2018) (18 U.S.C. § 1519 does not confer a private right of action); *Walthour v. Herron*, Civ. A. No. 10-1495, 2010 WL 1877704 at *3 (E.D. Pa. May 6, 2010) (no private right of action exists under 18 U.S.C. §§ 241, 242, 245, 247, 371 or 1951); *Jones v. Lockett*, Civ. A. No. 08-16, 2009 WL 2232812 at *8 (W.D. Pa. July 23, 2009) ("It is clear that the criminal statutes invoked by Plaintiff, *i.e.*, 18 U.S.C. §§ 241, 371 and 1341 do not provide for a private cause of action.").

brought against state officials under . . . 42 U.S.C. § 1983.") (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 675-76 (2009)). Whether a defendant is acting under color of state law - *i.e.*, whether the defendant is a state actor - depends on whether there is "such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself." *Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005) (internal quotations omitted). "Merely calling the police, furnishing information to the police, or communicating with a state official does not rise to the level of joint action necessary to transform a private entity into a state actor." *Collins v. Christie*, Civ. A. No. 06-4702, 2007 WL 2407105, at *4 (E.D. Pa. Aug. 22, 2007). A plaintiff would still fail to state a claim under § 1983 if the defendant intentionally provided false information to the police. *Id.* at *4 n.9; *see O'Neil v. Beck*, Civ. A. No. 04-2825, 2005 WL 2030319, at *2 (M.D. Pa. Aug. 4, 2005) (concluding that allegations that a private citizen filed a false police report and wanted to see the plaintiff arrested are "simply insufficient" to establish that the private citizen is a state actor for purposes of a claim brought pursuant to § 1983).

However, a private party "who corruptly conspire[s]" with a state official will be considered a state actor under § 1983. *Kitko v. Young*, 575 F. App'x 21, 26 (3d Cir. 2014) (citing *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 175-76 (3d Cir. 2010)) (internal quotation marks omitted). "[T]o properly plead an unconstitutional conspiracy, a plaintiff must assert facts from which a conspiratorial agreement can be inferred." *Id.* "[A] bare assertion of conspiracy will not suffice." *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). Here, the Complaint falls short of alleging a conspiracy. At most Mr. Jones suggests that Defendants Schafer, Green, and Sheraton, each a private party, conspired with the investigating officers to deprive Mr. Jones of his rights. The Complaint simply does not provide

any basis for inferring that these Defendants did so as part of an agreement to deprive him of his rights. Rather, Mr. Jones merely presents bare assertions throughout the Complaint that the various defendants conspired with each other, assertions which are insufficient under the *Twombly* standard for finding Defendants Schafer, Green, or Sheraton to be state or federal actors. *See Kitko*, 575 F. App'x at 26-27 (statement in complaint that defendant acted "in furtherance of a concerted scheme, plan, design and effort" did not sufficiently provide basis for state action).

### D. Time-barred Claims

Assuming, *arguendo,* that he would have standing to present such claims, any claims made by Mr. Jones pursuant to § 1983, § 1985, or *Bivens* for constitutional violations stemming from the searches or seizures conducted during the investigation are time-barred.[10] Pennsylvania's two-year statute of limitations period applies to these types of claims. *See* 42 Pa. Cons. Stat. § 5524; *Wallace v. Kato*, 549 U.S. 384, 387 (2007); *Bougher v. Univ. of Pittsburgh*, 882 F.2d 74, 80 (3d Cir. 1989); *Napier v. Thirty or More Unidentified Fed. Agents, Employees or Officers*, 855 F.2d 1080, 1087 n.3 (3d Cir. 1988). The limitations period governing claims related to searches and seizures generally accrues at the time of the search and seizure because at that time, "the plaintiff knew or should have known of the injury upon which [his] action is based." *Sameric Corp. of Del., Inc. v. City of Philadelphia*, 142 F.3d 582, 599 (3d Cir. 1998); *see also Whitenight v. Commonwealth of Pennsylvania State Police*, 674 F. App'x 142, 144 (3d Cir. 2017) (per curiam); *Woodson v. Payton*, 503 F. App'x 110, 112 (3d Cir. 2012) (per curiam).

---

[10] A post-trial motion to suppress evidence pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978), remains pending in Mr. Jones's criminal case. *See United States v. Jones*, Crim. A. No. 18-193-3 (E.D. Pa.), at ECF No. 400.

10

Each of the searches and seizures delineated by Mr. Jones in the Complaint occurred more than two years prior to the filing of the Complaint.[11]

### E. State Law Claims

Mr. Jones appears to assert a state law claim for defamation against Defendant Green. (*See* ECF No. 2 at 6 and 15, ¶¶ 49-51.) Because the Court has dismissed the federal claims, the Court will not exercise supplemental jurisdiction over any state law claims. Accordingly, the only independent basis for jurisdiction over any such claims is 28 U.S.C. § 1332(a), which grants a district court jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." Mr. Jones has not alleged that either requirement is met here. Thus, there is no basis for the Court's jurisdiction over any such claims. Accordingly, the Court will dismiss any state law claims for lack of subject matter jurisdiction without prejudice to Mr. Jones attempting to pursue those claims in state court.

## IV. CONCLUSION

The Court will grant Mr. Jones leave to proceed *in forma pauperis* and dismisses his Complaint in its entirety pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). Claims dismissed exclusively as barred by *Heck* will be dismissed without prejudice to Mr. Jones reasserting those claims in the event his conviction is ever reversed, vacated, or otherwise invalidated. Mr. Jones's state law claims are dismissed for lack of subject matter jurisdiction without prejudice to Mr. Jones pursuing those claims in state court. The Court will dismiss all remaining claims with

---

[11] Pursuant to the prison mailbox rule, a prisoner's complaint is considered filed at the time he or she hands it over to prison authorities for forwarding to the court. *See Houston v. Lack*, 487 U.S. 266, 276 (1988). The Court presumes that the Complaint was delivered on the date it was executed by Mr. Jones. *See Baker v. United States*, 670 F.3d 448, 451 n.2 (3d Cir. 2012). Thus, the Court will use April 10, 2021 for purposes of calculating the timeliness of this claim.

prejudice because Mr. Jones cannot cure the legal deficiencies in those claims. Mr. Jones will not be given leave to amend his complaint because, in light of the defects discussed in this Memorandum, amendment would be futile. *See Curry v. Yachera*, 835 F.3d 373, 379 (3d Cir. 2016); *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

An appropriate order follows.

BY THE COURT:

_____
GENE E.K. PRATTER, J.